EBENEZER J. BENNETT, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Where a railroad corporation runs and operates two roads between two points on its through route—one a part of the through route, the other a longer, more circuitous route, used simply for trains passing between the two points—a passenger purchasing a through ticket is only entitled to travel over the usual through and most direct route; the company is not bound to carry him over the circuitous route.

Where, therefore, the passenger leaves the through train and takes one passing over the way route, upon his refusal to pay the additional compensation charged, the company has a right to eject him from the train.

(Argued April 23, 1877; decided May 22, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of defendant entered upon an order non-suiting the plaintiff on trial.

This action was brought to recover damages for the alleged wrongful ejection of plaintiff from one of defendants cars in which he was a passenger  Plaintiff purchased a ticket on defendant's road  from Buffalo to Lockport and from Lockport to Troy.  He went from Lockport to Rochester, and from there, by what is known as the "old road," running from Rochester to Syracuse, he proceeded to Canandaigua and Auburn.  After leaving Auburn the conductor demanded of him forty-two cents additional fare, which plaintiff refused to pay.  The conductor informed him that if the fare was

not paid he should compel him to leave the train. This was repeated when the train reached the next station, whereupon plaintiff left the train " under protest." He immediately thereafter got on the train again paid the additional fare and proceeded on his journey.

*Geo. W. Miller*, for the appellant. Plaintiff was entitled to recover exemplary damages. (Sedg. on Dam., 517; *Caswell* v. *N. J. S. Co.*, 47 N. Y., 280; *Hamilton* v. *3d Ave. R. R. Co.*, 53 id., 28; *Townsend* v. *N. Y. C. R. R. Co.*, 56 id., 295; *Peck* v. *N. Y. C. R. R. Co.*, not rep.; *English* v. *D. & H. C. Co.*, not rep.)

*Matthew Hale*, for the respondent. Plaintiff's ticket imported a continuous trip. (*Oil Creek & A. R. R. Co.* v. *Clark*, 72 Penn. St.. 231.) The judgment should not be reversed even if the nonsuit were improperly granted. (*Brantingham* v. *Fay*, 1 J. Ch., 255; *Hopkins* v. *Grinnell*, 28 Barb., 533; *Devendorf* v. *Wert*, 42 id., 227; *Cady* v. *Fairchild*, 18 J. R., 124; *Hunt* v. *Burrel*, 5 id., 137.)

CHURCH, Ch. J. The plaintiff purchased a ticket at Buffalo for Lockport, and a ticket from Lockport to Troy. The ticket indicates no particular route. It was simply a ticket from " Lockport to Troy." The evidence was undisputed on the trial that all through trains passed over the direct road between Rochester and Syracuse, passing through Palmyra, Lyons and Clyde, a distance of eighty-one miles. The old road (so-called) between Rochester and Syracuse is 104 miles passing through Auburn. The trains for that road are made up at each end and terminate at each end. It is practically a way route, and not a through route. The question is what the contract was on the part of the defendant by the ticket purchased by the plaintiff. It seems to me that it was a contract to carry the plaintiff over the usual, through, and most direct route, and nothing more. The defendant is restricted to a charge of two cents a mile.

It does not appear that the plaintiff paid any more than that sum for the eighty-one miles over the usual route. The through train from Lockport passes over the direct route, and the plaintiff must have changed cars at Rochester and taken another train. He may have supposed that the ticket entitled him to go by any road which the defendant owned, however indirect, and regardless of the distance traveled. In this I think he was mistaken. The ticket was a through ticket, and impliedly over the through route. The company were not bound to take him over any and all their roads which might terminate at the same point. A ticket from Albany to Buffalo would not entitle the holder to go by the way of Niagara Falls, although the company owns the road all the way round, and I do not see why the company would not be liable to a penalty for charging by the way of the Falls for a ticket to Buffalo, unless on notice or by specific agreement, and when sued for the penalty it would not avail to allege that the passenger was entitled to go either way.

And so upon purchasing a ticket at Buffalo for Albany or Troy, it would not be lawful for the company to charge either the twenty-three miles over the Auburn road, or around by Albany to Troy. It could only charge for the usual and direct route. Otherwise it might evade the provisions of the statute restricting the charge of two cents a mile.

It would be proper as a matter of information to purchasers of through tickets at or west of Rochester to specify on the ticket which route the ticket entitles the passenger to travel. Such a course would prevent misunderstanding, but we must determine from the facts appearing before us what the contract in this case was, and I am of opinion that it was a contract to carry the plaintiff over the direct road, and not one to carry over an unusual and roundabout way; twenty-three miles farther. If the company should take a through train over the Auburn route especially without notice to the passengers, the question would be quite different. The obligations of the contract are mutual, and the company could

not under a contract to carry the passengers over the direct route take them over the indirect route and compel them to pay the additional compensation. Here it must be presumed that the company were ready and willing to perform the contract as made, but the plaintiff desired to go over the Auburn road and must have changed cars at Rochester for that purpose, and the claim for additional compensation was both lawful and just.

The ticket was not purchased at the office of the company, or of any of its authorized agents, and therefore the declarations of the person of whom it was purchased are not admissible against the defendant.

The judgment must be affirmed.

All concur. ALLEN, J., taking no part.

Judgment affirmed.